IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESA HIXENBAUGH, )
      Plaintiff, )
)
-vs- ) Civil Action No. 18-1488
)
ANDREW M. SAUL, )
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Lesa Hixenbaugh ("Hixenbaugh") filed an application for a period of disability and disability insurance benefits in May of 2015. (R. 12)[1] She alleged disability based upon both physical and mental impairments beginning in April of 2015. (R. 13) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which both she and a vocational expert ("VE") appeared and testified. (R. 20) Ultimately, the ALJ denied benefits and the Appeals Council denied Hixenbaugh's request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 8 and 10. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

---

[1] The ALJ determined that Hixenbaugh meets the insured status requirements of the SSA through December 31, 2019. (R. 13).

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995

(1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Hixenbaugh's claim for benefits. More specifically, at step one, the ALJ found that Hixenbaugh has not engaged in substantial gainful activity since the alleged onset date. (R. 14) At step two, the ALJ concluded that Hixenbaugh suffers from the following severe impairments: myocardial infarction and coronary artery disease status post stenting. (R. 14-17) At step three, the ALJ determined that Hixenbaugh does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-18) Between steps three and four, the ALJ decided that Hixenbaugh has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 18-21) At step four, the ALJ found that Hixenbaugh is unable to perform her past relevant work. (R. 21-22) At the fifth step of the analysis, the ALJ concluded that, considering Hixenbaugh's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 22-23)

III. Discussion

I. The State Agency Opinion

Hixenbaugh takes issue with the ALJ's failure to incorporate in the RFC limitations expressed by Dr. Fox, the state agency physician. Fox reviewed Hixenbaugh's medical records and concluded, in part, that she could lift 10 pounds frequently and 20 pounds occasionally. (R. 73) He further found Hixenbaugh able to sit for a total of 6 hours in an 8-hour workday and to stand and / or walk for a total of 2 hours in an 8-hour workday. (R. 73) Fox also determined that Hixenbaugh had a number of postural and environmental limitations. (R. 73-74)

The ALJ gave only "partial weight" to Fox's opinion. (r. 21) Specifically, the ALJ recounted those limitations identified by Fox, then explained that:

> [t]he evidence *generally* supports most of these opinions, except the record shows that the claimant is unable to climb ladders / ropes / scaffolds, and can only occasionally push, pull or operate foot controls with her lower extremities. The record further shows that the claimant should avoid all temperature extremes and wetness, as well as, fumes, odors, gases and like respiratory irritants. I found these greater restrictions were warranted because of the claimant's heart condition and onset of chest pain due to strenuous exertion, as well as her shortness of breath symptoms.

(R. 21) (emphasis added). The ALJ then found Hixenbaugh capable of performing "light" work with certain restrictions. According to Hixenbaugh, "light work" involves standing or walking for a total of 6 hours in an 8-hour workday.[2] Hixenbaugh contends that a remand is required because the ALJ gave partial weight to Fox's opinion yet did not adopt the limitations relating to standing and walking. If the ALJ rejected that portion of

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. …" 20 C.F.R. § 404.1527(b)

Fox's opinion, Hixenbaugh demands a remand on the basis that the ALJ failed to adequately express a reason for rejecting the same.

After careful consideration, I reject Hixenbaugh's argument. As the Third Circuit Court of Appeals noted in *Wilkinson v. Comm'r. of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014), "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." Here, the ALJ gave Fox's opinion only "partial" weight. Further, he explained that the RFC "is supported by consideration of the entire body of record." (R. 21) In fact, he cited to other evidence which was inconsistent with the standing / walking limitations espoused by Fox. Specifically, the ALJ gave Dr. Brown's opinion "partial weight." (R. 20) Brown is Hixenbaugh's cardiologist. He opined, in part, that Hixenbaugh had "no physical limitations" and was capable of "moderate stress – normal work." (R. 389) He also determined that Hixenbaugh could sit and stand / walk at least 6 hours in an 8-hour workday. (R. 389) These restrictions are consistent with the definition of "light work." Consequently, I find no error in the ALJ's failure to include Fox's standing and walking limitations in the RFC.

2. The Treating Source Opinion

Hixenbaugh also contends that the ALJ failed to provide "good reasons" for giving Brown's opinion only "partial" weight. The ALJ provided the following analysis with respect to Brown's opinion:

> Partial weight was given to Dr. Michael Brown's opinion who stated the claimant's chest pain occurs with strenuous exertion of excessive anxiety, which warrants the above limitations. He determined that the claimant's response to medication has been good and that she is capable of moderate stress – normal work. I noted that whether the claimant is capable of normal work is an issue reserved for the Commissioner; however, I found that the doctor's opinion in the

record is consistent with the claimant's treatment history and medical evidence as a whole. Dr. Brown further opined that the claimant could sit, stand and walk at least 6 hours, does not need a job that permits shifting positions at will from sitting, standing or walking, would not require unscheduled breaks during a workday, and would not require legs being elevated. He determined that the claimant could frequently lift up to 10 pounds and occasionally lift up to 20 pounds. He indicated that the claimant could frequently twist, stoop, crouch / squat, and climb stairs, but should rarely climb ladders. Dr. Brown stated that the claimant should avoid concentrated exposure to extreme cold / heat and high humidity, and should avoid even moderate exposure to cigarette smoke. He determined that the claimant would not need to be "off task" because of the claimant's symptoms, but would likely be absent from work approximately 2 days per month. (Exhibit 7F).

(R. 20) The only portion of the ALJ's treatment of Brown's opinion which Hixenbaugh objects to is that portion regarding her absenteeism. Hixenbaugh insists that the ALJ failed to provide "good reasons" for declining to adopt Brown's limitation in this respect.

I disagree. The ALJ explained that:

Most of these opinions are generally supported by the evidence, except the longitudinal record, including the claimant's daily life activities, physical examinations and treatment history, does not support the opinion that the claimant would likely be absent from work approximately 2 days per month, in light of the other relatively modest limitations noted.

(R. 21) These are valid and acceptable reasons for discounting opinion evidence. *See* 20 C.F.R. §§ 404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find that there is substantial evidence of record to support the ALJ's weighing of Brown's opinion in this regard. (R. 20-21, citing, Ex. 7F).[3] Because the ALJ's treatment of the medical opinion evidence is both supported by substantial record evidence and explained sufficiently to allow meaningful review, I find no basis for remand.

---

[3] Brown's own treatment records indicate that Hixenbaugh's response to medications "has been good"; that she denies chest pain, lower extremity swelling, palpitations or cardiac symptoms; and that she stated that she was "feeling well." (R. 373- 382). Brown's records indicate that Hixenbaugh was to begin a cardiac rehab program but did not attend either of two scheduled dates and was discharged from the program. (R. 20, citing Ex. 6F) The ALJ noted that Hixenbaugh followed a conservative treatment plan, did not require further inpatient hospitalizations or emergency room visits and that Hixenbaugh continued to smoke against medical advice. (R. 20)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESA HIXENBAUGH, )
    Plaintiff, )
)
 -vs- ) Civil Action No. 18-1488
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 24th of September, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 8) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED. It is further ORDERED that this case shall be marked "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge